UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HARLEYSVILLE INSURANCE COMPANY,

Plaintiff,

-against-

CERTIFIED TESTING LABORAORIES INC., et al.,

Defendants.

22-cv-02764 (JLR) (RWL)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

Plaintiff Harleysville Insurance Company ("Plaintiff") brings this action seeking a declaratory judgment that it has no duty to defend or indemnify its policy holder Certified Testing Laboratories Inc., in connection with a pending personal injury lawsuit filed in New York State court, captioned Edgar Tobar -against- 1176 Eastchester Operating, LLC, et al., Index No. 20988/2015E. *See generally* ECF No. 1 ("Complaint"). Plaintiff commenced this action on April 4, 2022 and served Certified Testing Laboratories Inc. and Edgar Tobar (collectively, "Defendants") on April 6, 2022 and May 4, 2022[1], respectively. ECF Nos. 7, 8.[2] Defendants have not filed an answer or otherwise appeared. After Defendants' deadlines to answer expired, Plaintiff requested and the Clerk of Court entered a certificate of default. *See* ECF No. 16. On March 14, 2023, Plaintiff moved for default judgment. ECF No. 21.

On June 22, 2023, Magistrate Judge Robert W. Lehrburger issued a Report and Recommendation ("Report"). ECF No. 29. The Report recommends that the Court grant

---

[1] The process service reports that he served the notice on April 28, 2022, but the notary signed his form on May 4, 2022. ECF No. 8.

[2] Plaintiff served Defendant Certified Testing Laboratories Inc. again on July 21, 2022. ECF Nos. 9, 10. Plaintiff filed a second notice of service, also stating service was performed on April 28, 2022. The second form was dated August 6, 2022. ECF No. 11.

Plaintiff's motion for default judgment. *Id.* The Report warns, in bolded text, that failure to timely object within 14 days would result in waiver of the right to object and preclude appellate review. *Id.* at 16. Plaintiff served the Report on Defendants on June 26, 2023. ECF No. 30. No party has filed any objections to the Report.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see* Rule 72(b); *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989). Parties may object to a magistrate judge's recommended findings "[w]ithin 14 days after being served with a copy of the recommended disposition." Rule 72(b)(2). "In a case such as this one, where no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Lifeguard Licensing Corp. v. Kozak*, 371 F. Supp. 3d 114, 118 (S.D.N.Y. 2019) (internal citation omitted); *Lee v. Lending Tree*, 473 F. Supp. 2d 435, 436 (S.D.N.Y. 2007) ("The district court adopts a Magistrate Judge's report and recommendation when no clear error appears on the face of the record."). A party's "failure to object timely to a report waives any further judicial review of the report" so long as the party received "'clear notice' of the consequences of their failure to object." *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see Lee*, 473 F. Supp. 2d at 436.

Here, the deadline to object to the Report passed on July 6, 2023 and no party has filed any objection. The Court has therefore reviewed the Report for clear error. *See Lifeguard Licensing Corp.*, 371 F. Supp. 3d at 118; *Lee*, 473 F. Supp. 2d at 436. The Report recommends that the Court enter judgment in favor of Plaintiff "declaring that (1) Harleysville has no duty to defend or indemnify Certified in connection with the Underlying Action; (2) Harleysville may withdraw from its 50% contribution to the defense of Certified; and (3) Edgar Tobar has no third-party rights, as a beneficiary or otherwise, under the Policy issued to

Certified for any award or judgment in relation to the allegations in the Underlying Action."
Report at 15.  The Court finds that the Report's reasoning and conclusions are sound,
grounded in fact and law, and not clearly erroneous.

Accordingly, the Court adopts the Report in its entirety and GRANTS Plaintiff's
motion for default judgment.  The Clerk of Court is directed to enter default judgment against
Defendants Certified Testing Laboratories Inc. and Edgar Tobar and in favor of Plaintiff
declaring that (1) Harleysville has no duty to defend or indemnify Certified in connection with
the Underlying Action; (2) Harleysville may withdraw from its 50% contribution to the
defense of Certified; and (3) Edgar Tobar has no third-party rights, as a beneficiary or
otherwise, under the Policy issued to Certified for any award or judgment in relation to the
allegations in the Underlying Action.

The lack of any timely objections, in light of the clear notice provided in the Report,
precludes appellate review of this decision.  *See Frank*, 968 F.2d at 300; *Lee*, 473 F. Supp. 2d
at 436.

Dated: July 7, 2023
       New York, New York

SO ORDERED.

JENNIFER L. ROCHON
United States District Judge